**LEVU, Plaintiff**

**v.**

**MALUIA and VAEIAITU, Defendants**

No. 7-1908

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Anaoleloi" and "Sauao" in Nu'uuli]

October 28, 1909

B. R. PATRICK, Chaplain, U.S. Navy, *President of Court;* J. L. DWYER, *Associate Member;* and TUFELE, *Associate Member*

### DECISION

The decision in this case is based primarily upon the reluctant admission by the defense of the Plaintiffs control of these lands as "Ao" of the Salele division of the village of Nu'uuli.

In the year 1905 the Defendant Maluia began the erection of a house on the land in dispute, and, upon the objection of Levu, absolutely refused to acknowledge Levu's "pule". Though there had been more or less friction over this land between Maluia and Levu since the last trouble in Upolu, the issue was not clearly defined until this house was commenced; and in the year 1906 Levu began proceedings to determine their respective rights.

The weight of evidence favors Levu's contention that he and his ancestors possessed such rights over the properties Anaoleloi and Sauao that their permission must first be sought before any one could enter upon the land or enjoy its products. Levu's unequivocal statement that he, in propria persona, heard Maluia Finovale, predecessor of the Defendant, ask permission of the Levu to cut lumber from this land has not been successfully contradicted by the Defendant other than by the negative assertion that Defendant and his witnesses had not heard of such permission having been sought and granted, which testimony is further weakened by admissions of Defendant's witnesses that they were absent from the places where such important events were most likely to transpire. An instance of the

testimony of the defense in this regard may be quoted. Maluia testified as follows:—

"Q. Were you living in the time of Levu Talilelagi?

"A. Yes, I saw him personally.

"Q. Did you know Levu Toliesi and were you living in his time?

"A. Yes.

"Q. Were you living in the time of Levu Ufisasa?

"A. Yes.

"Q. In the time of Levu Paoaga?

"A. Yes.

"Q. Were you present at the family councils held by these chiefs?

"A. No, at the time I was a young man.

"Q. Were you present at the family councils of the Maluia family during the time of these Levus?

"A. No, I was only a young man at the time.

"Q. Then how did you know that during the time of these people the Levu made no objection to Maluia's occupation of Anaoleloi and Sauao.

"A. Because my father never told me that Levu objected to his occupying the land.

"Q. Then all your information concerning this matter is hearsay?

"A. Yes.

In the case of *Au v. N.Y.L.E. & W. Ry. Co.*, 29 Fed. 76, the Court charged the jury in the following language:—

"There is a rule of law, gentlemen of the jury, that where there is a conflict of testimony, and one testifies positively to a thing within his peculiar knowledge or information, and the testimony of the other is a mere denial of that which is not within his peculiar knowledge or information, the positive testimony will generally prevail over the negative testimony."

The Court declines to admit any right on the part of Levu to evict the Defendant or his people from the land at this time. The cultivations and the continued use and occupancy of these lands by Maluia for several generations have vested in the family of Maluia a right to continue in such enjoyment, subject, of course, to the Samoan "pule"

of Levu. In the case of *Mailo v. Fanene*, No. 3-1907, the holding of the Court was that Mailo, the Samoan "Pule"; was the owner of the land in dispute; that Fanene, as a member of the Mailo division, had been appointed to the use of the land; and the Court held that the land could not be disposed of by Mailo without the consent of Fanene, and further that Fanene could not dispose of it without the acquiescence of Mailo.

In the case of *Pele Fia v. Paleafei*, No. 5-1904, a case somewhat similar to the last case cited and to the case at bar, the High Court held that "The family who cultivates any section of land will have the right to the produce thereof so long as they retain possession, but upon abandonement [sic] of any section by any family who has cultivated it the disposition of that section shall be in the discretion of the Matua."

The Court will follow the previous decisions of the High Court and will decree the lands Anaoleloi and Sauao as the property of the name Levu, subject, however, to the right of Maluia and descendants to use and occupy so long as they live upon the land and care for it. Upon the abandonment of the land by Maluia or his descendants at any time the land will revert to the name Levu. The property cannot be sold by either party without the consent of the other during the period of this use and occupancy.

Costs are assessed at $100.00, $60.00 to be paid by Maluia and $40.00 by Levu.